**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**KRISTY SPENCER,**

        **Plaintiff**

       **v.**                       **C-1-10-216**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant**

**<u>ORDER</u>**

      **This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 11), plaintiff's objections (doc. no. 13) and defendant's response thereto (doc. no. 14).  Plaintiff, a Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the defendant denying plaintiff's application for supplemental security income and disability insurance benefits. The Magistrate Judge concluded that the defendant's decision**

2

denying plaintiff SSI and DIB is supported by substantial evidence and therefore recommended that the decision of the Commissioner be affirmed and this case be terminated on the docket of this Court.

I.

On May 30, 2006, plaintiff filed applications for Supplemental Security Income (SSI) and for Disability Insurance Benefits (DIB), alleging a disability onset date of March 1, 2006.  Plaintiff's claims were denied  and she requested a hearing *de novo*  before an Administrative Law Judge ("ALJ").  On March 23, 2009, an evidentiary hearing was held in Dayton, Ohio, at which plaintiff was represented by counsel.  At the hearing, the ALJ heard testimony from plaintiff and from Vanessa Harris, an impartial vocational expert.  On April 14, 2009, the ALJ entered her decision denying plaintiff's DIB and SSI applications and concluding plaintiff has not been under a disability within the meaning of the Social Security Act from March 1, 2006 to April 14, 2009.  The Appeals Council denied her request for review.

3

**II.**

Plaintiff makes four specific objections to the Magistrate Judge's Report and Recommendation.

1. The Magistrate Judge erred by finding the ALJ provided a reasoned analysis for rejecting the opinion of treating physician Dr. Williams and by finding that the ALJ's RFC finding was supported by substantial evidence.

The Magistrate Judge properly found that the evidence supported the ALJ's reasoned analysis for giving Dr. Williams' opinion little weight.  In reaching this finding, the Magistrate Judge and the ALJ considered 1) the plaintiff's activities including, taking care of her husband and three children, laundry, completing household chores with help and feeding the cats, dogs, birds and turtles, driving, going out to eat, shopping, driving her children to and from school, and visiting King's Island theme park with her children; 2) the fact that the opinions of Dr. Glaser, Dr. Malpede and Dr. Orosz were based on their own conclusions and their own

4

detailed findings, and their opinions were consistent with the weight of the evidence; and 3) in contrast, the opinion of Dr. Williams was based on plaintiff's subjective complaints.  The objection is denied.

2. The Magistrate Judge erred by finding the ALJ properly considered plaintiff's diagnosis of obesity in her analysis and thus, satisfied the requirements of SSR 02-01p .

This Court agrees with the recommendation of the Magistrate Judge.  Although Dr. Glaser diagnosed plaintiff with obesity once, no physician found plaintiff limited because of her obesity.  The ALJ properly considered plaintiff's single diagnosis of obesity in her analysis and thus satisfied the requirement of SSR 02-01p.  After finding her obesity was not severe, the ALJ considered plaintiff's non-severe impairments, including obesity, throughout the remaining steps of the sequential evaluation process.  The objection is denied.

5

**3. The Magistrate Judge erred by finding the ALJ's decision to discredit the plaintiff's statement about the severity of her symptoms was supported by substantial evidence.**

**This Court agrees with the recommendation of the Magistrate Judge that the objective medical, clinical and diagnostic evidence did not support plaintiff's allegations of her symptoms and that plaintiff's failure to be non-compliant with treatment, including refusing and declining treatment, and choosing not to be admitted to a behavioral health unit, also supports this conclusion.  Another factor the ALJ and Magistrate Judge considered in finding plaintiff less than credible was her drug-seeking behavior as shown by evidence in the record that a member of plaintiff's family telephoned Dr. Williams and stated that plaintiff was "hooked on her meds" and was taking too many pills.  This objection is denied.**

**4. The Magistrate Judge erred by finding that the vocational expert's testimony, which incorporated the ALJ's RFC, constituted substantial evidence to support her conclusion at step five of the sequential analysis.**

6

This Court agrees with the recommendation of the Magistrate Judge that the mental limitations in the ALJ's hypothetical question were those set forth in her RFC assessment. The ALJ limited plaintiff to simple, unskilled work with minimal contact with the general public. The hypothetical question, upon which the ALJ relied, included all the functional limitations resulting from plaintiff's mental impairments to the extent the ALJ found them credible based on the relevant evidence of record.

Accordingly, this Court agrees with the recommendation of the Magistrate Judge that the ALJ was entitled to rely on the VE's testimony in response to her hypothetical question. The VE's testimony supports the ALJ's finding that plaintiff was not disabled but could do a significant number of light jobs. Consequently, considering plaintiff's RFC, age, education and work experience, substantial evidence supports the Commissioner's decision that plaintiff was not disabled from March 1, 2006 to April 14, 2009 within the meaning of the Social Security Act.

7

## CONCLUSION

Judicial review of the defendant's decision is limited in scope by 42 U.S.C. § 405(g).  The Court's sole function under the statute is to determine whether there is substantial evidence to support the defendant's findings of no disability.  The defendant's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have been adequately addressed and present no particularized arguments which warrant further specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case.

8

Accordingly, the Court **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** the Report and Recommendation of the United States Magistrate Judge (doc. no. 11).  The decision of the Commissioner is supported by substantial evidence in the record and is hereby **AFFIRMED** and plaintiff's Motion to Remand (doc. no. 13) is **DENIED.**

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                              s/Herman J. Weber
                    **Herman J. Weber, Senior Judge**
                    **United States District Court**